```
 1
 2
 3
 4
 5
 6
 7
 8                     IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10   JOHN SCHNECK,
11           Plaintiff,                 No. CIV S-10-3329 MCE KJM PS
12       vs.
13   DAVID YAMAMOTO,
14           Defendant.                 ORDER TO SHOW CAUSE
15   _____/
```

16           Plaintiff is proceeding in this action pro se. This proceeding was referred to this
17   court by Local Rule 72-302(c)(21).
18           The complaint does not set forth grounds upon which this court may exercise
19   jurisdiction over plaintiff's claims. See Federal Rule of Civil Procedure 8(a). The federal courts
20   are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction, plaintiff's
21   claims cannot proceed in this venue.
22   /////
23   /////
24   /////
25   /////
26   /////

1 In the complaint, plaintiff alleges his constitutional rights are being violated
2 because a medical group refuses to treat him. The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). Here, plaintiff alleges that the defendant is the CEO of a private nonprofit medical group; there is no allegation of conduct by defendant that can be fairly characterized as state action. From the allegations of the complaint, the court cannot discern any proper basis for subject matter jurisdiction.

Accordingly, IT IS HEREBY ORDERED that no later than January 7, 2011, plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

DATED: December 15, 2010.

_____
U.S. MAGISTRATE JUDGE

006
schneck.osc