IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN SCHNECK,

    Plaintiff,                        No. CIV S-10-3329 MCE DAD (TEMP) PS

    vs.

DAVID YAMAMOTO,                  ORDER AND

    Defendant.                     FINDINGS AND RECOMMENDATIONS

_____/

        Defendant's motion to dismiss[1] came on regularly for hearing February 18, 2011. Plaintiff John Schneck, who is proceeding pro se, appeared on his own behalf. Jonathan Corr, Esq. appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing, the court will recommend that defendant's motion to dismiss be granted with prejudice.

        In this action brought under 42 U.S.C. § 1983, plaintiff alleges his civil rights were violated in connection with the termination of the doctor/patient relationship between himself and Sutter North Medical Foundation ("SNMF"). Named as the sole defendant is David

---

[1] Two other matters were discussed at the hearing. The court advised plaintiff that his motion to recuse Magistrate Judge Mueller would be denied as moot inasmuch as Judge Mueller is no longer assigned to this action. (Docket nos. 7, 9.) Also discussed at the hearing was plaintiff's desire to obtain his medical records. (Docket no. 11.) Defense counsel advised the court that he would forthwith provide plaintiff a copy of the form used by the medical group to authorize release of a copy of those medical records to plaintiff.

Yamamoto, CEO of SNMF. Defendant moves to dismiss on the ground that defendant is not a state actor and is thus not subject to suit under the Civil Rights Act.[2]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, ___U.S.___, ___,129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

In the complaint, plaintiff alleges that his constitutional rights are being violated because a medical group refuses to treat him. The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2)

---

[2] Defendant asserts other grounds for dismissal, contending that each claim is deficient under the various constitutional provisions relied on by plaintiff in asserting his claims. Because the complaint is fatally deficient with respect to the requirement of state action, the court does not reach defendant's remaining arguments.

defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). Defendant Yamamoto contends he is not a state actor. In opposition, plaintiff argues that defendant is a public charity and therefore must be a state actor.[3]

Defendant here does not meet any of the four tests articulated by the Supreme Court for determining whether a private party's conduct constitutes state action. Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002). In providing medical services, defendant has not exercised coercive power and thus cannot be a state actor under the state compulsion test. Nor does the fact that SNMF provide a service that serves the public makes its acts state action. Caviness v. Horizon Community Learning Center, 590 F. 806, 815 (9th Cir. 2010) ("Merely because Horizon is 'a private entity perform[ing] a function which serves the public does not make its acts state action'") (quoting Rendall-Baker v. Kohn, 457 U.S. 830, 842 (1982). Similarly, defendant's tax exempt status as a public charity is not sufficient to transform defendant's conduct into state action. See Ascherman v. Presbyterian Hospital of Pacific Medical Center, Inc., 507 F.2d 1103, 1105 (9th Cir. 1974) (private hospital's receipt of public funds and tax exempt status as a charitable organization insufficient to establish state action). Finally, plaintiff alleges no facts, nor does it appear such facts could be alleged within the strictures of Federal Rule of Civil Procedure 11, that would support a claim that defendant is a state actor under either the joint action test or the governmental nexus test. See Sturm v. El Camino Hosp., No. C-09-02324 RMW, 2010 WL 725563, *3-4 (N. D. Cal. Feb. 26, 2010) (granting summary judgment in favor of defendant hospital with respect to plaintiff's § 1983 for false imprisonment); see also Chrisman v. Sisters of Saint Joseph of Peace, 506 F.2d 308 (9th Cir. 1974) (affirming dismissal of § 1983 action brought against a private hospital on the grounds that the defendant was not

---

[3] Plaintiff argued similarly in response to an order to show cause wherein the court directed plaintiff to show cause why the action should not be dismissed for failure to allege state action. (Docket nos. 5, 7.)

acting under color of state law).  Because plaintiff cannot plead facts sufficient to establish that defendant was acting under color of state law, the motion to dismiss should be granted with prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to recuse (docket no. 7) is denied as moot; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (docket no. 10) be granted with prejudice;

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
schneck.57